LORENZO RODRÍGUEZ, Plaintiff and Appellee, *v.* TOMÁS COLÓN, Defendant and Appellant.

No. 5912. Argued January 20, 1933.—Decided January 26, 1933. Rehearing granted February 17, 1932.

444

 

*Pedro G. Quiñones* for appellant. *J. Ruiz de Val* (on the brief), for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is a petition for an injunction to recover the possession of real property, wherein the plaintiff alleges that he is the owner and had the possession of the following piece of property:

"URBAN: Lot number 12 of the urbanization plan of part of Quintana estate, in the ward of Hato Rey, Municipality of Río Piedras, with an area of 368 square meters, or 23.20 meters more or less on the north, 25.60 meters on the south, 15 meters on the front, east, and 15 meters on the rear, west, bounding on the north with lot No. 13 of said urbanization, on the south with lot No. 11, property of the defendant herein, Tomás Colón, on the east with España Street and on the west with lands of Petra Latorre."

Petitioner further alleges that on or about March 5, 1931, the defendant, aided by another person acting under his command and direction, removed a pitch-pine post which existed as a boundary point between the lot above described, at the angle forming the southwestern corner thereof, and placed said post in a new hole which he made within the described lot of the plaintiff, 20 centimeters from the southern boundary thereof, thus altering the fence which on said boundary separates said lot from another lot of the defendant, and dispossessing the petitioner from a strip of land which is described as follows:

"Strip of land in the ward of Hato Rey, Río Piedras, Quintana Urbanization, triangular in shape, measuring 20 centimeters wide on the west and bounding with a lot of the defendant; 2½ meters on the north and bounding with the lot herein described of the plaintiff; and 2½ meters on the south and bounding with a lot of the defendant."

The defendant denied the facts averred in the petition and alleged that he is not and never has been the owner of the parcels of land abutting on that of the plaintiff, and that the same belong exclusively to Pablo Colón López, who holds possession thereof under claim of ownership.

The District Court of San Juan rendered judgment for the plaintiff, and the defendant took the present appeal.

The defendant urges that the description of the strip of land claimed in the complaint is defective and that the district court erred in weighing the evidence and in rendering judgment in favor of plaintiff. The averments of the petition are indeed ambiguous. If the descriptions of the principal lot and of the strip alleged to form a part thereof are examined, it will be noticed that these averments lack the clearness necessary to allow a judicial officer, in case the execution of the judgment is decreed, to identify, without the need of further explanation, the piece of property sought to be recovered. According to the pleadings, the principal lot bounds on the west with lands of Petra Latorre. If, as it seems, the strip of land claimed was separated on the west from the principal property, it cannot be explained how this small parcel may bound on the west with the defendant while the principal property of which it formed part bounds on the west with Petra Latorre.

The plaintiff-appellee says that in describing in the complaint the principal lot of the plaintiff, he took as a basis the description appearing on the deed, and that if there was an apparent contradiction in the allegations and due to a geometric figure the contiguous lot of the defendant projected 20 centimeters over the western boundary of plaintiff's lot and this circumstance was not alleged when describing the strip invaded, such fact was duly established by the evidence. This is what the plaintiff claims but it has not been shown. The truth is that the principal lot of the plaintiff appears to be bounded on the west by land of Petra Latorre and that the

parcel of land claimed appears to be bounded also on the west by the defendant, Tomás Colón. It is incomprehensible that the boundaries should vary because of the fact that a strip of land has been segregated from the western side of the principal lot. If this lot bounded on the west with Petra Latorre, the strip of land alleged to have been segregated therefrom must also bound on that side with Petra Latorre. We have examined the evidence introduced and it does not appear therefrom that the defects noted in the description of the parcel claimed have been cured. In *Matanzo v. Vizcarrondo,* 30 P.R.R. 262, it was held by this Court that, in order that the allegations of a complaint in injunction proceedings to recover possession may be sufficient to show a cause of action, it is necessary that a description be given of the piece of land of which the plaintiff has been dispossessed by the defendant, so that judgment may be entered accordingly and executed by the court officer. Without such a description, the said officer can not identify the land to be restored to the possession of the plaintiff.

As regards the evidence, plaintiff testified that in his absence, on March 5, 1931, the defendant, Tomás Colón, and Pablo Colón removed a landmark from the lot and placed it 20 centimeters ahead, thus destroying an angle existing there; that as soon as he returned to his home he noticed that Tomás Colón was attempting to place the landmark within the lot of the witness and consequently told him that he should put the post in its old place but he refused, saying that he would leave it there. Plaintiff testified further that Mr. Colón claims that he possesses the lot because he has always lived there and that the strip of land is in the possession and within the lot of Tomás Colón.

Lorenzo Rosado, a witness for the plaintiff, testified that Tomás and Pablo Colón removed a landmark to the left of the lot of Mr. Rodríguez and placed it eight or nine centimeters within the plaintiff's property.

The defendant, Tomás Colón, denied that he had performed the acts charged by the plaintiff. He testified that the lot situated to the south of Lorenzo Rodríguez belongs to his son, Pablo Colón; that he does not own any property there and that he lives in Quintana, on España Street, in a house which he purchased from Doña Dolores Pou; that he does not live with his son, Pablo, and that he goes there for lunch and supper.

Pablo Colón testified that he did not participate in the removal of any landmark, fence, or hedge; that he has not taken possession of any parcel of land belonging to the plaintiff; and that he is the owner of the lot abutting on that of Lorenzo Rodríguez.

This is, substantially, the evidence adduced in this case. With regard to the boundaries, nothing is said that may cure the defects of the complaint. It cannot be said, under the pleading and the evidence adduced, that the piece of property claimed has been duly identified, and therefore the judgment appealed from will be reversed without special pronouncement of costs.

ON REHEARING

February 17, 1932.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The motion for rehearing presented by plaintiff does not contain any new argument nor raises any question that has not been decided by this Court in its former opinion. The defects in the description of the property were not cured by the evidence. This applies to the boundaries. As regards the size of the strip of land of which it is alleged the plaintiff was dispossessed, two witnesses testified: the plaintiff himself and Lorenzo Rosado. The former stated that the defendant and Pablo Colón removed a landmark from the lot and placed it at a distance of 20 centimeters from its original position, thus destroying an angle existing there. The latter

testified that Tomás and Pablo Colón removed a landmark existing to the left of the lot of Mr. Rodríguez and placed it from 8 to 9 centimeters within the latter's property. Hence, plaintiff's own evidence is contradictory with regard to the size of the parcel. Under the pleadings and the evidence herein it would not be possible to identify the property in case of execution.

In deciding this case we inadvertently incurred the error of dismissing the complaint without special imposition of costs. The defendant requests that to correct this mistake our judgment should be reconsidered and costs imposed on the plaintiff. He is right. The law is clear and explicit. In cases of injunction to recover possession of real property costs must be awarded against the defeated party. This Court lacks jurisdiction to exonerate plaintiff from the payment of such costs, but we do have jurisdiction to exclude attorney's fees therefrom. *McEvoy* v. *Nadal et al.*, 34 P.R.R. 610; *Crédito y Ahorro Popular* v. *Molini*, 42 P.R.R. 858. The provisions of the statute are complied with by adjudging the plaintiff to pay the costs, and regard being had for the attendant circumstances herein, we are of the opinion that our former judgment should be modified, by imposing costs on the plaintiff but without including attorney's fees.